UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HECTOR NIEVES,<br>     Plaintiff,<br><br>-against-<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br>     Defendant. | MEMORANDUM AND ORDER<br>Case No. 24-CV-1066 (FB) |

*Appearances:*
*For the Plaintiff:*
CHARLES WEISER
HAROLD SKOVRONSKY
Law Office of Harold Skovronsky
1810 Avenue N
Brooklyn, NY 11230

*For the Defendants*:
SANTANA JOHANNY
SERGEI ADEN
Social Security Administration
6401 Security Blvd.
Baltimore, MD 21235

**BLOCK, Senior District Judge:**

  Plaintiff Hector Nieves ("Nieves" or "Plaintiff") seeks review of the Commissioner of the Social Security Administration's ("the Commissioner" or "Defendant") denial of his application for Social Security Disability Insurance benefits under Title II of the Social Security Act. Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the following reasons, Plaintiff's motion is GRANTED, and the Commissioner's motion is DENIED. The case is remanded for further proceedings consistent with this Memorandum and Order.

Nieves applied for Social Security Disability Insurance benefits on July 8, 2021, alleging disability as of January 13, 2020. ALJ Dec., Tr. at 13.[1] The date of disability onset was later amended to May 10, 2021. *Id.* He premised his claim of disability on reported pain in his left knee, right shoulder and right hand. Tr. at 62. An initial review denied his claim, and the ALJ found Nieves not disabled in a decision dated March 29, 2023. *Id*. at 27. He requested review of the ALJ's decision, which the Appeals Council denied on January 17, 2024. App. Denial, Tr. at 1. Thereafter, Nieves timely commenced this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act seeking review of the Commissioner's decision. Compl., ECF No. 1.

**I**

District courts reviewing the Commissioner's determinations under 42 U.S.C. § 405(g) must "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Rucker v. Kijakazi*, 48 F.4th 86, 90–91 (2d Cir. 2022). They may not conduct a *de novo* review or substitute their judgment for that of the ALJ, *see Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012), reversing the ALJ "only if the factual findings are not supported by substantial evidence or if the decision is based on legal error," *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).[2]

---

[1] The Commissioner filed the administrative transcript of the proceedings before the Social Security Administration at ECF No. 9. All references to ECF No. 9 are denoted as "Tr. __."
[2] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

The Commissioner employs a five-step inquiry to evaluate Social Security disability claims. *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). At steps one and two, the ALJ found that Nieves had not engaged in substantial gainful activity since the alleged onset date and has the following severe impairments: a right shoulder disorder (caused by an injury in January 2020 and surgically treated in October 2020), and a right thumb impairment (injured in May 2021 and surgically treated in March 2022). Tr. at 18. The ALJ also found the following non-severe impairments: a torn meniscus of the left knee (surgically treated in March 2020), carpal tunnel syndrome of the right hand (surgically treated in December 2018), hypertension, and obesity. *Id.*

At step three, the ALJ found that these impairments did not meet or equal the severity of the specified impairments in the Listing of Impairments, specifically Listing § 1.18, because he is not unable "to use at least one upper extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movement." *Id*. at 19.

At step four, the ALJ found that Nieves has the residual functional capacity ("RFC") "to perform light work as defined in 20 CFR 404.1567(b), consisting of lifting or carrying no more than twenty pounds with frequent lifting or carrying of objects weighing up to ten pounds." *Id.* Nieves' RFC included the following limitations: "The claimant is able to sit for six hours in an eight-hour workday and stand or walk for six hours in an eight-hour workday. The claimant can never crawl, push, or pull with the right upper extremity, or climb ladders, ropes, or scaffolds. He can occasionally perform hand controls, handle, finger, and reach overhead with the right upper extremity. He cannot work with vibrating tools with the right upper extremity or work around unprotected heights or heavy moving machinery." *Id.*

The ALJ then found that Nieves was unable to perform any past relevant work. However, based on the testimony of a vocational expert, the ALJ determined that Nieves would be capable of performing jobs that exist in a significant number in the national economy, namely School Bus Monitor, Usher, and Counter Clerk. *Id.* at 26. Accordingly, the ALJ concluded that Nieves was not disabled. *Id*. at 27.

Plaintiff argues that the ALJ erred by (1) making an RFC determination not supported by substantial evidence and (2) by failing to properly apply the relevant legal standards. Pl.'s Mem. at 7–10, ECF No. 7-1. Because the Court finds the ALJ's decision was based on an insufficiently developed record, remand is appropriate.

## II

"Social Security proceedings are inquisitorial rather than adversarial." *Sims v. Apfel*, 530 U.S. 103, 110-11, 120 S. Ct. 2080, 147 L. Ed. 2d 80 (2000). Consequently, "the social security ALJ, unlike a judge in a trial, must on behalf of all claimants . . . affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009. As part of this duty, the ALJ must "investigate the facts and develop the arguments both for and against granting benefits." *Sims*, 530 U.S. at 111. Specifically, under the applicable regulations, the ALJ is required to develop a claimant's complete medical history. *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (citing 20 C.F.R. § 404.1512(d)-(f)).

Whether the ALJ has satisfied this duty to develop the record is a threshold question. "Before determining whether the Commissioner's final decision is supported by substantial evidence under 42 U.S.C. § 405(g), the court must first be satisfied that the ALJ provided plaintiff with 'a full hearing under the Secretary's regulations' and also fully and completely

4

developed the administrative record." *Navedo v. Kijakazi*, 616 F. Supp. 3d 332, 342 (S.D.N.Y. 2022) (quoting *Echevarria v. Sec'y of Health & Hum. Servs.*, 685 F.2d 751, 755 (2d Cir. 1982)). The ALJ must develop the record even where the claimant has legal counsel. *See, e.g., Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). To satisfy this duty, ALJs may take such further steps as "inter alia, re-contacting the treating physician, requesting additional records, arranging for a consultative examination, or seeking information from others." *Ranaghan v. Comm'r of the Soc. Sec. Admin.*, No. 24-cv-03538 (NCM), 2025 U.S. Dist. LEXIS 163718, at *8 (E.D.N.Y. Aug. 22, 2025). Remand is appropriate where this duty is not discharged. *See, e.g.*, *Moran*, 569 F.3d at 114-15 ("We vacate not because the ALJ's decision was not supported by substantial evidence but because the ALJ should have developed a more comprehensive record before making his decision.").

The record is not sufficiently developed with regard to Nieves's knee injury, and this Court therefore cannot determine whether the ALJ's decision is supported by substantial evidence. Nieves' torn meniscus was surgically treated in March of 2020, but he continues to report pain to this day. Pain so bad, in fact, that in his March 3, 2022, Function Report, Nieves reported that he cannot walk more than three or four blocks before he needs to stop and rest. Tr. at 270. Nieves' self-reported knee pain was also acknowledged by multiple medical experts in the record.

First, Nieves's physical therapist, Barnes Landis, who he was meeting with because of his thumb injury, opined that he should "avoid prolonged standing . . . [and] walking." The ALJ discounted this opinion because it was not supported by "Landis' treatment records." However, the treatment records are focused on the pressing issue of Nieves's hand pain and therefore naturally do not address his other physical issues. This does not, in and of itself, mean that

5

Landis's opinion on other physical issues is unsupported, i.e. that Landis in meeting with Nieves did not form his opinion based on what he observed about Nieves' physical condition.

Next, orthopedist Dr. Pamela Levine treated Nieves for his shoulder injury between January 2020 and the time of his surgery in October 2020. Her reports make clear that Nieves went to see her because of his shoulder pain and that they only discussed the shoulder injury during their appointments. Tr. at 315–323. The ALJ did not discount Dr. Levine's analysis of Nieves's shoulder injury, but did expressly reject her opinion that he was "100% temporarily disabled," writing that such opinions are "inherently neither valuable nor persuasive pursuant to 20 CFR 404.1520b." Tr. at 23.

Subsequently, Nieves was examined by Dr. Ram Ravi on November 4, 2021. Dr. Ravi reported that Nieves declined to "walk on his heels or toes, or squat, due to pain" in his knee, but he also noted that both knees had "full, 90 degrees flexion and extension" and there were no evident problems with the knees. Tr. at 364–365. Nieves reported that between his various problems his pain level was "8/10, sharp and constant, *worse with walking* and lifting." *Id.* at 363 (emphasis added). Dr. Ravi diagnosed Nieves with left knee pain and a "moderate limitation to [standing] and walking." *Id.* at 366. The ALJ found Dr. Ravi's opinions to have little persuasiveness because the report failed "to document clinical evidence of deficits in range of motion, strength, sensation in the upper or lower extremities, . . . [and instead was] mostly supported by the claimant's subjective reports." Tr. at 24.

Despite the opinions of a doctor and a physical therapist who met with and examined Nieves, the ALJ nonetheless concluded that the knee injury was non-severe because Nieves had not sought treatment since his onset date. The ALJ supported this finding by relying on the reports of two state medical consultants Dr. S. Ahmed, and Dr. S. Padmaraju. Dr. Ahmed

6

conducted a disability determination on December 15, 2021, Tr. at 60–74, and Dr. Padmaraju conducted another on March 24, 2022. *Id.* at 75-87. Both consultants concluded that Nieves's medical records did not support a finding of severe impairment for his knee condition, with each consultant writing simply, and somewhat automatically: "Severity of the allegations are not fully supported by the objective data." *Id.* at 67, 83.

A failure to seek treatment can support a finding of non-severeness, *see Pulos v. Comm'r of Soc. Sec.*, 346 F. Supp. 3d 352, 359-360 (W.D.N.Y. 2018), and since the abrogation of the treating physician rule, ALJs are not required to defer to claimants' treating physicians. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. at 5853. Nonetheless, the Court believes that something doesn't quite add up here and that further development of the record is warranted before a final determination can be made.

The Court is troubled by two details in the record: first, by the ALJ's reliance on Nieves's failure to seek treatment in concluding that his knee condition is non-severe, and second, by the ALJs failure to ask Nieves any questions about his knee during his oral hearing. While the ALJ was free to give more weight to the conclusions of the state consultants, the record nonetheless contains significant evidence that Nieves struggles with standing and walking. Nieves's failure to seek treatment may indeed indicate that his knee condition is not severe, but it may also be explained more simply by the fact that he had two other, more severe injuries in recent years and that his treatment has focused on remedying (or moderating) the pain caused by the more pressing issues he has with his hand and shoulder. Furthermore, he has not worked in years and therefore does not need to walk or stand very often. Indeed, his Function Reports indicate that since he stopped working, he now spends almost all day sitting and watching TV.

7

Because of the ALJ's failure to question Nieves about his knee, or to seek further information from Nieves' treating physicians about the knee injury, the record is relatively undeveloped as to this issue. The Court cannot determine whether the ALJ's reasoning is supported by substantial evidence because of this lacuna in the record. *See Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982) (endorsing remand where court is "unable to fathom the ALJ's rationale in relation to evidence in the record."). On remand, the ALJ shall investigate Nieves's knee condition so as to better determine whether he is truly capable of standing and walking for "six hours in an eight hour work day." Tr. at 19; *see Berry*, 675 F.2d at 469 (remanding for "further findings or clearer explanation for the decision.").

## Conclusion

The Commissioner's motion is DENIED and Nieves' motion is GRANTED. The case is remanded to the Commissioner to further develop the record as to Nieves' knee injury.

SO ORDERD

    /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 4, 2025